(No. 19077.—

WALTER FLATT *et al.* Appellants, *vs.* THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS *et al.* Appellees.

*Opinion filed June 19, 1929—Rehearing denied October 4, 1929.*

JUNE C. SMITH, for appellants.

OSCAR E. CARLSTROM, Attorney General, (B. L. CATRON, of counsel,) for appellees.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This is an appeal from an order of the circuit court of Sangamon county denying the petition of the appellants, who are residents of the village of Valier and its immediate vicinity, with a population of 3000, in Franklin county, for leave to file a bill to enjoin the director of the Department of Public Works and Buildings, and other officers of the State, from locating, laying out and constructing Route No. 148, designated in the second Road Bond Issue act, upon a certain route described in the bill between the cities of Christopher and Sesser, also in Franklin county. The act describes Route No. 148 as "beginning at Mt. Vernon and extending in a southerly direction to an intersection with Route No. 13 south of Herrin, affording Mt. Vernon, Waltonville, Sesser, Christopher, Herrin and the intervening communities reasonable connections with each other." Sesser is directly north of Christopher—a distance of seven miles between their corporate limits. Valier is almost midway between them and approximately one-half mile to the east. Its western boundary is on a direct line between Christopher and Sesser. This direct line is

the location sought to be enjoined. The communities involved, together with the existing railroads and highways, as well as the new locations proposed by the respective parties, are indicated on the following plat:

There are three ways of reaching Sesser from Christopher over existing highway. On the plat the first is desig-

nated as ABNORQC, the second as ABNOPQC, and the third as ABRQC. The proposed location of Route No. 148 is shown as ABC. Section BC is four and one-fourth miles in length and a new location. Section AB is paved with concrete to a width of eighteen feet by the township of Tyrone. Section MN is a new location, two miles long, suggested by the appellants. A double-track right of way of the Chicago, Burlington and Quincy Railroad Company passes through Christopher, Valier and Sesser, as shown on the plat. This right of way is on the east side of the location sought to be enjoined. As also indicated by the plat, a line of the Illinois Central Railroad Company passes through Christopher in an easterly and westerly direction and intersects the new location proposed by the appellants. The location sought to be enjoined is a direct line, without railroad crossings. Any other possible location through Valier would involve at least two railroad grade crossings and either five or six right-angle turns. It is the contention of the appellants that the location sought to be enjoined does not afford to the village of Valier and its immediate vicinity, as an intervening community, reasonable connections with Christopher and Sesser, and that the Department of Public Works and Buildings is without authority to appropriate and use as a part of Route No. 148 that section of the proposed location which has been paved by the township of Tyrone.

Under the second Road Bond Issue act the "roads shall be constructed * * * upon public highways * * * along * * * described routes, as near as may be." "The general location of the routes * * * shall be substantially as described," but the "Department of Public Works and Buildings shall have the right to make such minor changes in the location of said routes as may become necessary in order to carry out the provisions" of the act, and it is given power to purchase or condemn property required in "the location of a route or any part thereof." (Smith's Stat. 1927,

chap. 121, secs. 1, 9, 11, pp. 2410-11-19.) These provisions are substantially the same as the corresponding sections of the first Road Bond Issue act. (Ibid. pp. 2402-05-08.) The extent of the authority of the Department of Public Works and Buildings to change the location of routes under these two acts has been passed upon by this court in a number of cases. In general, it has been held that while the Department of Public Works and Buildings may not act arbitrarily in deviating from existing highways, it may do so in order to eliminate dangerous conditions and to provide for the safe operation of traffic. (*Department of Public Works* v. *Spanogle,* 327 Ill. 122; *People* v. *Department of Public Works,* 320 id. 117.) In the location of a hard-surfaced road the primary interest to be considered is that of the State at large and not that of any particular locality. (*MacGregor* v. *Miller,* 324 Ill. 113; *People* v. *Department of Public Works,* 326 id. 589; *Department of Public Works* v. *Epperson,* 333 id. 313.) Railroad and hard-road grade crossings are hazardous and in the construction of hard roads should be avoided, where practicable. *People* v. *Department of Public Works,* 320 Ill. 117; *MacGregor* v. *Miller, supra.*

The first contention of the appellants is, that the location sought to be enjoined does not afford to the village of Valier and its immediate vicinity, as an intervening community, reasonable connections with Christopher and Sesser. On this point the bill alleges that there are no persons residing in the village of Valier west of the railroad tracks, and that "no streets or alleys within said village of Valier have been laid out or extend across said railroad or on the west side of said railroad tracks, and that there is no means by which the inhabitants residing in said community can reach said route as located with any reasonable convenience." It appears that there is a public highway leading from the main north and south thoroughfare through Valier west along the north side of its corporate

limits to and across the location sought to be enjoined, as indicated by section OR on the plat. Furthermore, it is within the power of the village of Valier to lay out a suitable roadway leading directly west from the center of the village, thereby affording direct connection with the proposed location. Appellants suggest section MN, shown on the plat, as a new location. If this were selected as a part of Route No. 148, it is apparent that reasonable connection would not be afforded to the intervening community of North City, with a population of over 1500. Taking into consideration the interests of the whole State and that of the other communities involved, the contention that the location sought to be enjoined does not afford to the village of Valier and its immediate vicinity reasonable connections with Christopher and Sesser is without merit.

The final contention of the appellants is, that the Department of Public Works and Buildings is without authority to appropriate and use as a part of Route No. 148 that section of the proposed location which has been paved by the township of Tyrone. The bill avers that this section was not improved by the county with township funds, as specified in section 10 of the act, which allows reimbursement for improvements made in that manner, but by the township itself. It is not alleged that the appellees intend to make reimbursement for the improvements on this section. The argument is, that since such reimbursement is not authorized this section cannot be so used and appropriated. This does not follow. Section 10 is not a restriction upon the use and appropriation of highways but upon the obligation to make reimbursement for improvements thereon.

The order of the circuit court is affirmed.

*Order affirmed.*